(Reap. Dec. 9873)

AMERICAN EXPRESS COMPANY ET AL. *v.* UNITED STATES

Entry No. 774560, etc.

(Decided December 15, 1960)

*Sharretts, Paley & Carter* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule A, attached to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED between counsel for the parties hereto that the merchandise and issues in the appeals for reappraisement enumerated in Schedule A, hereto attached and made a part hereof, are the same in all material respects as the merchandise and issues in *United States* v. *American Express Co.*, Volume 95, Treasury Decisions No. 11, dated March 17, 1960, A.R.D. 120.

IT IS FURTHER STIPULATED AND AGREED that the market values or the prices, at the time of exportation of such merchandise to the United States,

at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual whole-sale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States were the appraised values less the amounts added under duress in accordance with the provisions of section 503(b) of the Tariff Act of 1930 and that there was no higher foreign value.

IT IS FURTHER STIPULATED AND AGREED that the record in A.R.D. 120 be incorporated with the record in these cases and that these appeals for reappraisement be submitted on this stipulation.

The record in the cited case has been received in evidence herein.

On the agreed facts and the cited authority, I find export value, as that value is defined in section 402(d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values were the appraised values, less the amounts added under duress in accordance with the provisions of section 503(b) of said act, prior to its repeal.

Judgment will be entered accordingly.